ROBERT P. RUSSELL, Corporation Counsel, Milwaukee County
You have requested my opinion whether a clerk of circuit court may docket delinquent tax and unemployment compensation warrants pursuant to secs. 71.13 (3) and 108.22 (2), Stats., respectively, prior to the issuance of the warrants to the sheriff for levy purposes.
For the reasons that follow, it is my opinion that entry of the warrants in the judgment and tax dockets may precede their issuance to the sheriff for levy and execution purposes.
The Department of Industry, Labor and Human Relations, for the past six months, has filed revised delinquent unemployment compensation warrants with the various clerks of circuit court. The revised warrant differs from its predecessor in that it now provides for the signature of the clerk of circuit court (witnessing the entry in the docket) prior to its issuance to the sheriff.
Section 108.22 (2), Stats., states:
"If any employer fails to pay to the department any amount found to be due it in proceedings pursuant to s. 108.10, provided that no appeal of review permitted by said section is pending and *Page 149 
that the time for taking an appeal of review has expired, the department or any duly authorized representative may issue a warrant directed to the sheriff of any county of the state, commanding him to levy upon and sell sufficient of the real and personal property which may be found within his county of the employer who has defaulted in the payment of any amount thus found to be due to pay such amount, together with interest and costs and other fees, and to proceed upon the same in allrespects and in the same manner as upon an execution againstproperty issued out of a court of record, and to return such warrant to the department and pay to it the money collected by virtue thereof within 60 days after the receipt of such warrant. The sheriff shall, within 5 days after the receipt of the warrant, file with the clerk of the circuit court of his county a copy thereof, unless the employer shall make satisfactory arrangements for the payment thereof with the department, in which case the sheriff shall at the direction of the department return such warrant to it. The clerk shall enter in the judgment docket the name of the employer mentioned in the warrant and the amount of the contributions, interest, costs and other fees for which the warrant is issued and the date when such copy is filed. Thereupon the warrant so docketed shall be considered in all respects as a final judgment creating a perfected lien upon the employer's right, title and interest in all of his real and personal property located in the county wherein the warrant is docketed." (Emphasis supplied)
Section 71.13 (3), Stats., states in part:
"(a) If any income or franchise tax be not paid within 30 days after the same becomes delinquent, the department of revenue shall issue a warrant to the sheriff of any county of the state commanding him to levy upon and sell sufficient of the taxpayer's real and personal property found within his county to pay such tax with the penalties, interest and costs, and to proceed uponthe same in all respects and in the same manner as upon anexecution against property issued out of a court of record, and to return such warrant to the department and pay to it the money collected, or such part thereof as may be necessary to pay such tax, penalties, interest and costs, within 60 days after the receipt of such warrant, and deliver the balance, if any, after deduction of lawful charges to the taxpayer. *Page 150 
"(b) The sheriff shall, within 5 days after the receipt of the warrant, file with the clerk of the circuit court of his county a copy thereof, unless the taxpayer makes satisfactory arrangements for the payment thereof with the department, in which case, the sheriff shall, at the direction of the department, return such warrant to it. The clerk shall docket the warrant as required by s. 270.745, and thereupon the amount of such warrant, together with interest required by sub. (1) shall become a lien upon the real property of the taxpayer against whom it is issued in the same manner as a judgment duly docketed in the office of such clerk. The clerk of circuit court shall accept, file and docket such warrant without prepayment of any fee, but he shall submit a statement of the proper fee semiannually to the department covering the periods from January 1 to June 30 and July 1 to December 31. * * *
"* * *" (Emphasis supplied)
The emphasized language above, stating that the sheriff is to levy upon the property of the debtor "* * * and to proceed upon the same in all respects and in the same manner as upon an execution against property issued out of a court of record" gives guidance to the sheriff in the various levy and execution situations covered by ch. 272, Stats. That language does not require the warrant to be docketed prior to the sheriff's levy as is required of a judgment of a court of record prior to execution under sec. 272.05, Stats. Under secs. 108.22 and 71.13, Stats., the sheriff is clearly authorized by the legislature to levy upon the property of the delinquent employer or taxpayer without having the clerk of circuit court docket the warrant.
The probable effect of docketing the warrant with the clerk of circuit court prior to its issuance to the sheriff is that the sheriff would be "executing" against rather than "levying" upon the property of the delinquent taxpayer or employer. The distinction between "levy" and "execution" is only of theoretical importance here. The warrant owner, however, would not have a perfected lien against the debtor until the warrant is duly docketed in the judgment or tax docket in the office of the clerk of circuit court. *Page 151 
Therefore, although secs. 71.13 (3) and 108.22 (2), Stats., do not require the delinquent tax and unemployment compensation warrants to be docketed prior to their issuance to the sheriff, such procedure may be followed if the warrant owner wishes to perfect his lien immediately.
RWW:LEN